IN THE SUPREME COURT OF THE STATE OF NEVADA

**FILED**

IN THE MATTER OF DISCIPLINE OF TERESA A. HORVATH, BAR NO. 2493.

No. 71054

JAN 23 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Teresa A. Horvath be suspended from the practice of law for six months and one day. The recommended discipline is based on Horvath's violations of RPC 1.16(c) (declining or terminating representation), RPC 8.1(b) (bar admission and disciplinary matters), and RPC 8.4 (misconduct).

The State Bar has the burden of showing by clear and convincing evidence that Horvath committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Horvath failed to answer the complaint and a default was entered. SCR 105(2). While representing a client in a family law matter, Horvath failed to notify the client of a hearing on opposing party's motion. Horvath did not attend the hearing and could not be contacted by the court or opposing counsel, which resulted in the district court granting the motion and awarding attorney fees to the opposing party. Thereafter, the client requested to proceed in pro se, and Horvath was directed to file a motion and order to withdraw, which she failed to do. Horvath was referred to the State Bar based on her conduct. During the disciplinary investigation, the State Bar sent regular and certified mail to Horvath's SCR 79 address to notify her of the pending investigation, and emailed Horvath through her

18 - 03246

email address on file. An investigator with the State Bar also attempted to reach Horvath by phone on three occasions. Horvath failed to respond to all attempts to contact her via mail, email, and phone.

Turning to the appropriate discipline, although the hearing panel's recommendation is persuasive, our review is de novo. SCR 105(3)(b); *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining whether the panel's recommended discipline is appropriate, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Horvath violated duties owed to her client (failing to properly terminate representation) and the profession (failing to respond to a lawful request for information from a disciplinary authority and engaging in conduct that is prejudicial to the administration of justice). Her violations resulted from intentional or knowing conduct, and caused actual or potential injury to both her client, whereby the district court granted the opposing party's motion and awarded the opposing party attorney fees, and to the integrity of the profession, which depends on a self-regulating disciplinary system and cooperation in disciplinary investigations.

Before consideration of aggravating and mitigating circumstances, the baseline sanction for failing to cooperate with the disciplinary investigation, Horvath's most serious misconduct, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* 452 (Am. Bar Ass'n

2015) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations"); *see also id.*, Standard 7.2 ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.").

The hearing panel found only one mitigating circumstance: absence of a dishonest or selfish motive. SCR 102.5(2)(b). Conversely, the panel found the following aggravating circumstances: prior disciplinary offenses in 2013 and 2014,[1] refusal to acknowledge the wrongful nature of her conduct, and substantial experience in the practice. SCR 102.5(1). Considering all of these factors, we agree with the panel's recommendation that a suspension is appropriate and sufficient to serve the purpose of attorney discipline to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

Accordingly, we hereby suspend attorney Teresa A. Horvath from the practice of law in Nevada for a period of six months and one day, commencing from the date of this order. Upon petitioning for reinstatement, Horvath shall comply with SCR 116. Consistent with the panel's recommendation and findings regarding Horvath's indigence, we do

---

[1]Notably, Horvath also failed to cooperate in a prior disciplinary investigation with the State Bar and was found to be in violation of RPC 8.1(b) in 2014.

not impose any fees or costs under SCR 120.[2] The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.[3]

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

[2]SCR 120 was amended, effective June 05, 2017, following the proceedings pertinent to this disciplinary matter. *See* ADKT No. 516 (Order Amending Supreme Court Rule 120, May 05, 2017) (imposing mandatory assessment of fees and costs).

[3]Horvath's other arguments have been considered and lack merit.

cc: Douglas Brooks, Chair, Southern Nevada Disciplinary Board
Teresa A. Horvath
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court